### In re SIMPSON'S ESTATE.

*(Supreme Court, General Term, First Department. May 24, 1889.)*

1. ATTORNEY AND CLIENT—ACTION FOR SERVICES—EVIDENCE.
   In an action to determine the amount due a lawyer for professional advice given to an executor during a period of several years, evidence that the executor, during that time, received professional advice from other lawyers is inadmissible.

2. EVIDENCE—DOCUMENTS—BOOKS OF ACCOUNT.
   Account-books are inadmissible in evidence when it does not appear that the entries in them were correctly made, and they are not attested by any person who at the time knew that such entries were correct, and when, of several persons who made such entries, only one is called as a witness, and the absence of the others is not accounted for.

Appeal from special term, New York county.

Appeal by William Simpson, Jr., and John V. Simpson, Jr., executors of William Simpson, deceased, from an order confirming a referee's report in the matter of the final accounting of said William Simpson as executor of Walter Stevenson, deceased.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Robert G. Ingersoll,* for appellants. *Paul Fuller* and *Fettretch, Silkman & Seybel,* for respondents.

DANIELS, J. This case was previously before this general term, on appeal, (30 Hun, 82,) when it was referred back to the referee, to take proof of the value of the services rendered by D. Noble Rowan for Smith Barker and William Simpson, as executors of the estate of Walter Stevenson, deceased. After the decease of the surviving executor, William Simpson, the surviving executor of his estate paid to Rowan the sum of $2,050. This payment was made without proof of the indebtedness of the estate to this extent to Rowan, and the disallowance of the payment, and the further reference, was ordered, to obtain evidence of the value of the services rendered by Rowan. On the hearing under this reference, the referee reduced the amount to which Rowan was entitled to the sum of $1,169.89, leaving a balance, after deducting this and another item, to be restored to the trustee, who was appointed by the court to take charge of and administer the estate, of the sum of $963.25, with interest from June 27, 1879. The appellants excepted to this decision of the referee, and their exceptions were overruled, and his report was confirmed which subjected them to the payment of this sum of money. In this amount was the difference between the aggregate sum allowed to Rowan and the $2,050 which had been paid to him by the appellants. The right to retain this difference depended upon proof of consultations with the executors of the estate of Stevenson not included in, or compensated for, by either of the items allowed by the referee. Those allowances were for particular services rendered by Rowan to the estate. In addition to these specific services, evidence was given before the referee of frequent consultations by the executors, and by William Simpson as survivor, for a successive series of years. And a valuation was placed upon the time and attention devoted to these consultations by the claimant, Rowan, and also by his brother.

The testimony of D. Noble Rowan concerning the valuation of his services

and time devoted to the business of the estate in these consultations was objected to on the ground that he was incompetent to give it under section 829 of the Code of Civil Procedure; and this objection, though overruled. by the referee, was probably well taken, for the reason that he was interested in the claim of the executors of the estate of William Simpson to retain the amount which they had paid to D. Noble Rowan. This testimony concerning the valuation of the time and services devoted to these consultations, which were with the deceased executors, related directly to personal transactions; and this witness was interested in maintaining the objection, taken by the appellants, that they were not liable to repay any part of the $2,050, for the reason that D. Noble Rowan was entitled to receive it all as a compensation for his services. If the appellants fail in sustaining this position, then they would be liable to pay over the balance of amount of the $2,050 to the trustee of the estate, and would be entitled to call upon this witness for reimbursement to that extent. That rendered him an incompetent witness concerning the valuation placed upon this time and these services, while he would not be so as to other services performed in specific cases where the personal transaction included no more than the retainer, or employment, of himself by one or both of the executors. The referee accordingly was right in the end in rejecting the testimony of D. Noble Rowan as to the value of his time and services devoted to, and employed in and about, these consultations; but there was other evidence on the hearing tending to establish the fact that these consultations took place; that they were very numerous, and extended over a long period of time; and that the time and services of D. Noble Rowan, devoted to the business of the estate in this manner, were worth more than the difference between the sum allowed to him and this sum of $2,050. To resist the allowance claimed on behalf of D. Noble Rowan for compensation for these consultations, evidence was given showing that William Simpson, as executor of the estate of Walter Stevenson, had also consulted with the firm of Lockwood & Crosby concerning the business of the estate. This evidence was objected to, and, so far as it was first given, a motion was made to strike it out. It was, however, received by the referee, and further testimony was given by books kept in the office of Lockwood & Crosby from March, 1875, to October, 1878, containing entries of calls made on the firm of Lockwood & Crosby by this executor. The entries in these books were stated to have been made by the witness Silkman, or by persons who were clerks under him; and on that evidence the books, so far as they recorded calls and transactions with Mr. Simpson, were allowed by the referee to be read. This evidence was inadmissible for two reasons. It did not appear by the authentication of the books that the entries had been correctly made in them, or that they were attested by any person who, at the time, knew that they truthfully recorded the transactions to which they related. This could only be done by calling as witnesses the other persons, besides Silkman, in whose handwriting the entries in the books had been made, or accounting for their absence in such a manner as to allow their entries to be read; but, if the books had been sustained by evidence as to the correctness of their entries, they still related to other and different transactions, between other parties than those consultations upon which the appellants relied to justify the payment made by them of this sum of $2,050. Proving what took place in the office of Lockwood & Crosby had no tendency whatever to disprove the actual occurrences of the consultations which are stated to have taken place between D. Noble Rowan and the surviving executor of Stevenson's estate, and the evidence should not have been received, as it was, by the referee for this or any other object. If specific services had been claimed in behalf of D. Noble Rowan, which were in fact performed by other persons, proof of this fact would have been admissible, for that would have tended to disprove the rendition of his services. But the transactions to which these books relate were not shown to

have been identical with either of the consultations for which the appellants claim that D. Noble Rowan was entitled to compensation. This evidence, so erroneously received, may very well have prejudiced the right of the appellants to maintain the correctness of the payment which they made to D. Noble Rowan, amounting to this sum of $2,050. It had no place legally in the investigation committed to the referee; and the order confirming the report and overruling the exceptions of the appellants was erroneous; and it should be reversed, with costs to abide the result of a further hearing to these appellants; and an order should be entered directing another reference, either to this or another referee, to take proof of and ascertain the right of the appellants to pay this sum of money to the attorney, D. Noble Rowan. Order appealed from reversed, with costs to appellants to abide event, and new reference ordered. All concur.